Case 1:24-cv-01094-KES-EPG   Document 6   Filed 10/07/24   Page 1 of 3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHOWCHILLA ELEMENTARY SCHOOL DISTRICT,<br><br>　　　　Defendant. | Case No.　1:24-cv-01094-KES-EPG<br><br>ORDER GRANTING MOTION TO APPOINT GUARDIAN AD LITEM<br><br>(ECF No. 5) |

　　　　Plaintiff Jane Doe, a minor, has brought this civil rights action against Defendant Chowchilla Elementary School District, alleging discriminatory conduct interfering with Plaintiff's right to attend public school. Now before the Court is a motion to appoint Plaintiff's mother, Joanna Abercrombie, as the guardian ad litem for the minor Plaintiff. (ECF No. 5). For the following reasons, the Court will grant the motion.

**I.　　SUMMARY OF THE MOTIONS**

　　　　Plaintiff's motion states that Joanna Abercrombie is the mother of minor Plaintiff Jane Doe, that Jane Doe has no other appointed representative or guardian, that Abercrombie's sole purpose is to assist in the litigation, ensure that any recovery is properly secured until Jane Doe reaches maturity, and to assist in asserting any rights to injunctive relief, that Abercrombie has no interests adverse to Jane Doe, and that Abercrombie contracted with Attorney Steven N. Williams

on behalf of Plaintiff Jane Doe. (*Id.* at 3-5, 7).[1]

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Local Rule 202 further states, in pertinent part:

> (a) **Appointment of Representative or Guardian.** Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).
> . . . .
>
> (c) **Disclosure of Attorney's Interest.** When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202.

A guardian ad litem needs to be dedicated to the best interests of the minor and "must not face an impermissible conflict of interest with the [minor]." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015). The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 9th Cir. 1986).

## III. DISCUSSION

The minor Plaintiff lacks the capacity to sue under California law. *See Ramirez Fonua v. City of Hayward*, No. 21-CV-03644 SBA, 2022 WL 36007, at *1 (N.D. Cal. Jan. 4, 2022) ("Under California law, an individual under the age of eighteen may enforce his or her rights by civil action or other legal proceedings in the same manner as an adult, except that a guardian must conduct the action or proceedings.") (citing Cal. Fam. Code §§ 6500, 6601). Therefore, appointment of a guardian ad litem is necessary and appropriate. There does not appear to be any

---

[1] Cited page numbers refer to the pagination appearing at the bottom of each page.

conflict of interest between the proposed guardian ad litem and the minor Plaintiff. Additionally, there is nothing to indicate that the proposed guardian ad litem would not act in the minor Plaintiff's best interests.

Included with the motion to appoint a guardian ad litem was information regarding attorney interests required by Local Rule 202(c). (ECF No. 5). Among other things, counsel indicates that he was retained by the proposed guardian ad litem on a contingency fee basis (28% of net recovery), that counsel has not yet been compensated, and that he has no relationship with Defendant. (*Id.* at 5).

### IV.     CONCLUSION AND ORDER

Upon review, IT IS ORDERED that the motion to appoint a guardian ad litem (ECF No. 5) is granted. Joanna Abercrombie shall serve as the guardian ad litem for Plaintiff Jane Doe. Should there be a settlement of the minor Plaintiff's claims, counsel is directed to seek court approval as required by Local Rule 202(b).

IT IS SO ORDERED.

Dated:   **October 4, 2024**                    /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE

3