UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CHOWCHILLA EMELENTARY SCHOOL DISTRICT,<br><br>　　　　　Defendant. | Case No. 1:24-cv-01094-KES-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED WITHOUT PREJUDICE BECAUSE MINOR PLAINTIFF LACKS COUNSEL<br><br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

　　　　On September 16, 2024, Minor Plaintiff Jane Doe filed this civil action. (ECF No. 1). On October 7, 2024, the Court appointed Joanna Abercrombie as Jane Doe's *guardian ad litem*. (ECF No. 6). Plaintiff's complaint alleges that she was discriminated by her former school district on the basis of her race.

　　　　After Plaintiff's counsel withdrew from representing her, the Court ordered Plaintiff to retain new counsel because Plaintiff is unable to proceed *pro se* as a minor. Given that Plaintiff has not had new counsel appear, and Plaintiff may not proceed in this case without representation, the undersigned will recommend dismissing this case without prejudice.

\\\

\\\

1

## I.  BACKGROUND

On September 16, 2024, Plaintiff, a minor represented by *guardian ad litem* Joanna Abercrombie, filed a complaint naming as Defendant Chowchilla Elementary School District. (ECF No. 1).  The Complaint contains claims for (1) Discrimination based on Race in violation of Title VI of the Civil Rights Act of 1964; (2) Discrimination Based on Race Federal Equal Opportunity Act in violation of 20 U.S.C. §1703 et seq; (3) Discrimination Based on Race in violation of California Educ. Code §220; (4) Equal Protection of the Law Fourteenth Amendment in violation of 20 U.S.C. §1701 et seq.; (5) Equal Rights and Opportunities in the Educational Institutions of the State in California Educ. Code §200 et seq.; (6) Failure to Provide a Safe Place to Learn Safe Place to Learn Act in violation of Cal. Educ. Code §234; (7) Failure to Combat Discrimination and Hate Violence California Education Code in violation of Cal. Educ. Code § 201.  (*Id.*).

On December 7, 2025, Plaintiff's then-counsel filed a "Motion to Withdraw as Attorney." (ECF No. 11).  On February 21, 2025, the Court held a telephonic hearing on the motion with Plaintiff's *guardian ad litem* present.  (ECF No. 18).  On February 24, 2024, the Court granted Plaintiff's counsel's motion to withdraw, giving Plaintiff's *guardian ad litem* until May 16, 2025, to retain new counsel.  (ECF No. 19 at 4).  The Court's order stated:

> Because this case involves a minor child proceeding through guardian ad litem Joanna Abercrombie, it is important to note that, should counsel be permitted to withdraw for Plaintiff, Abercrombie would be a non-attorney guardian ad litem who is not represented by counsel.
>
> The Ninth Circuit has held "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). The Ninth Circuit has also held that in such instances where the guardian ad litem does not have counsel, the case should be dismissed without prejudice. (*Id.*).

(ECF No. 19, at p. 2-3).

On May 16, 2025, Attorney Jeanliou G.T. Maschhoff filed a request for extension of time to file an appearance of counsel, stating that she had been retained as counsel by Plaintiff's father, but was not yet able to enter a notice of appearance because she was awaiting her retainer fee. (ECF No. 27).  On May 23, 2025, Attorney Maschhoff filed a second request for extension because she has still not received her retainer fee.  (ECF No. 29).  The Court granted her an

extension until June 3, 2025, to formally enter a notice of appearance. (ECF No. 30). On June 6, 2025, Attorney Maschhoff filed a "Declination of Representation" stating that because she never received her retainer fee, she was unable to enter her appearance in this case. (ECF No 31).

Almost three weeks have passed since Attorney Maschhoff's Declination and Plaintiff has not had any other counsel enter an appearance in this case, or otherwise taken any action on this case.

In the meantime, Defendant Chowchilla Elementary School District has filed a motion to dismiss (ECF No. 22) and Motion to Strike portions of Plaintiff's Complaint (ECF No. 23). However, Plaintiff has not filed any response to these motions.

## II. ANALYSIS

Plaintiff is a minor. In *Johns v. County of San Diego*, the Ninth Circuit held that "'a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child.'" 114 F.3d 874, 876 (9th Cir. 1997) (quoting *Osei-Afriyie v. Med. Coll.*, 937 F.2d 876, 882-83 (3d Cir. 1991)). This rule remains the law of the Circuit. *Grizzell v. San Elijo Elementary School* 110 F.4th 1177, 1181 (9th Cir. 2024); *cert. denied sub nom. Grizzell v. San Elijo Elementary* (U.S., May 19, 2025, No. 24-812) 2025 WL 1426678 ("Our panel, however, is bound by *Johns*, which holds that a parent may not proceed *pro se* on her children's behalf."). *See also Gabriel Charles Reed v. Eugene School District 4j, et al.*, No. 24-789, 2025 WL 1779779, at *1 (9th Cir. June 27, 2025) ("The district court properly dismissed Reed's action because 'a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer.'").

Thus, under settled Ninth Circuit law, this case should be dismissed without prejudice because Plaintiff is a minor and lacks legal representation in this case.

## III. CONCLUSION AND RECOMMENDATION

Because a minor represented by a *guardian ad litem* cannot proceed without counsel, and Plaintiff is a minor who has been unable to retain counsel since her previous counsel withdrew from the case on February 24, 2025, the Court recommends that this case be dismissed without prejudice.

IT IS RECOMMENDED that:

1. This action be dismissed, without prejudice, because Plaintiff is a minor and is not

3

represented by a lawyer;

2. All pending motions be deemed no longer pending; and

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 30, 2025**              /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE